## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE E. VONNIEDA LAGRASSA, | : : : | 09-cv-0770 |
| Plaintiff, | : : | Hon. John E. Jones III |
| v. | : : | |
| JACK GAUGHEN, LLC; JACK GAUGHEN, INC., and ACXIOM INFORMATION SECURITY SERVICES, INC., | : : : : : | |
| Defendants. | : | |

### MEMORANDUM

### March 30, 2011

## I.     INTRODUCTION

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 53) filed on March 11,

2011.  Judge Mannion recommends that Defendant Acxiom Information Services,

Inc.'s ("Acxiom") Motion for Summary Judgment (Doc. 34) and Defendants Jack

Gaughen, LLC and Jack Gaughen, Inc.'s (collectively, "Gaughen") Motion for

Summary Judgment (Doc. 37) both be granted and Plaintiff Michelle Vonnieda

Lagrassa's ("Plaintiff") Complaint (Doc. 1) be dismissed.  For the reasons

articulated in this Memorandum, the Court will adopt the R&R and dismiss the action.

## II.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  *Henderson v. Carlson*, 812 F.2d 874, 878 (3d. Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept recommendations."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson,* 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

## III.   DISCUSSION

Based upon the following background facts, Plaintiff filed a Complaint on April 23, 2009 (Doc. 1) alleging that Gaughen willfully and negligently violated 15

U.S.C. § 1681(b)(2) and (3) and that Acxiom willfully and negligently violated 15 U.S.C. § 1681(b)(2).

Gaughen is a real-estate brokerage located in central and south-central Pennsylvania. Each office is managed by a sales manager that is responsible for overseeing the office and has fiduciary responsiblities to the consumers. Thus, to be a sales manager, an individual must possess a valid and active real estate license. Typically, when hiring new employees, Gaughen conducts a background check, which includes obtaining tax, immigration, and personnel forms, and also includes obtaining an authorization to perform a consumer report of the employee. After this process is completed, Gaughan's Human Resource department processes and files the forms, which includes stapling a consumer-report authorization to the consumer-report. During the time relevant to this action, Gaughen contracted with Acxiom to provide the consumer reports on new employees.

Plaintiff applied and was interviewed for an open sales-manager position at Gaughen's Shrewsbury, Pennsylvania office, and she was hired on January 16, 2008. After Plaintiff completed the relevant forms, Gaughen's Human Resources Assistant Debra McGee requested from Acxiom a consumer report on Plaintiff and Plaintiff maintains that Gaughen failed to obtain the written authorization required to do so. The consumer report was returned on January 28, 2008, and flagged

Plaintiff with a high-risk fraud alert and included information about Plaintiff's criminal history.  Pursuant to its own investigation, Gaughen discovered that Plaintiff misrepresented her work experience and licensure status.  Gaughen terminated Plaintiff because, after being given an opportunity to dispute the information, Plaintiff continued to provide false information and her dishonesty disqualified her from holding a sales-manager position.

Under the Fair Credit Reporting Act ("FCRA"), an employer may obtain a consumer report on an individual for employment purposes provided that the employer first complies with the FCRA's requirements.  Thus, before obtaining a consumer report, the employer must first disclose to the potential employee that the employer may obtain a report and then the employee must authorize, in writing, the procurement of the report.  15 U.S.C. § 1681b(b)(2)(A).  Further, prior to taking any adverse action based upon negative information in the report, an employer must provide to the employee a copy of the report and a description of their relevant rights.  15 U .S.C. § 1681b(3)(A)-(B).

Plaintiff asserts that Gaughen not only failed to comply with the statute, but also that the failure was willful noncompliance, and thus seeks statutory damages. As Magistrate Judge Mannion noted, a finding of willful noncompliance must be predicated on a showing that the defendants "knowingly and intentionally

4

committed an act in conscious disregard for the rights of others but need not show malice or evil motive."  (Doc. 53 pp. 11-12 (quoting *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).)  To prevail on a claim for negligent noncompliance with the FCRA, as is alternatively raised here, a plaintiff must demonstrate actual damages.  Here, Plaintiff concedes that she has suffered no actual damage and thus her claim for negligent noncompliance under 15 U.S.C. § 1681o must fail.

We agree with Magistrate Judge Mannion's conclusion that Plaintiff failed to establish a claim for willful noncompliance under the FCRA with respect to Plaintiff's allegations that Gaughen failed to obtain an authorization or provide to her a summary of her rights.  There is no record evidence that could demonstrate that Gaughen's actions were knowing or reckless, only Plaintiff's arguments that Gaughen violated the FCRA.  As Magistrate Judge Mannion noted, "a violation of the FCRA by itself does not amount to willful noncompliance. . . ."  (Doc. 53 p. 16.)  Thus, Plaintiff's claim for willful violations of the FCRA likewise must fail.  Therefore, we will adopt the R&R with respect to Gaughen's Motion for Summary Judgment (Doc. 37), grant that Motion, and dismiss Plaintiff's claims.

We further agree with Magistrate Judge Mannion's evaluation of Acxiom's Motion for Summary Judgment (Doc. 37).  First, Plaintiff failed to cite to any

record evidence in support of her disputes of Acxiom's statement of material facts.

Acxiom, a consumer reporting agency as defined by the FCRA[1], provided to

Gaughen an accurate, complete, and up-to-date report regarding Plaintiff's criminal

background.  Judge Mannion correctly found that Plaintiff cannot argue a violation

of § 1681b(b)(2) because that provision applies only to *users* of a report, rather

than agencies that furnish the report.  *See* Doc. 53 p. 23; *Obabueki v. Int'l Bus.*

*Mach. Corp. and Choicepoint, Inc.*, 145 F. Supp. 2d 371, 393 (S.D.N.Y. 2001).

Thus, a Plaintiff may only assert a violation of 15 U.S.C. § 1681b(b)(1).  Because

Plaintiff's sole argument is that Acxiom failed to comply with § 1681b(b)(2),

Acxiom's Motion for Summary Judgment shall be granted and her claims

dismissed.

---

[1]A "consumer reporting agency" is

> Any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Plaintiff disputes that Acxiom is a consumer reporting agency.  However, Judge Mannion aptly determined that, based upon the record evidence, Acxiom "regularly engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties," and thus is, in fact, a consumer reporting agency.  (Doc. 53 p. 21 (quoting Doc. 35-5).)

**IV.   CONCLUSION**

For the reasons articulated above, we adopt the R&R and find that

Gaughen's and Acxiom's Motions for Summary Judgment (Docs. 37 and 34,

respectively) demonstrate that there is no genuine issue of material fact and that

they are entitled to judgment as a matter of law under the FCRA.  Therefore, we

shall enter judgment in favor of Defendants and dismiss the case.  An appropriate

separate order follows.